UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARIS DEIOR STUDIOS, LLC, ET AL.,

      Plaintiffs,

v.

OZONE MUSIC AND SOUND, ET AL.,

      Defendants.

_____/

Case No.  13-11819

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE LAURIE J. MICHELSON

# **ORDER DENYING PLAINTIFF'S MOTION OBJECTING TO ANDREW D. STACER INTERVENING INTO CASES [38], GRANTING IN PART AND FINDING MOOT IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [40] [41], GRANTING DEFENDANTS' SECOND MOTION FOR CONTEMPT [42], AND CLOSING CASE**

Before the Court are Plaintiff Parrish Redd's Motion Objecting to Andrew D. Stacer Intervening into Cases [38], Defendant Fidelity Capital Group's Motion for Summary Judgment [40], Defendants Chris Hugan, Ozone Music and Sound, and Marty Peters's Joint Motion for Summary Judgment [41], and All Defendants' Second Motion for Contempt [42].

On October 22, 2013, notice was entered scheduling a hearing on these matters on November 8, 2013.  Accordingly, on November 8, 2013, the Court held a hearing to address the pending motions. Plaintiff Parrish Redd did not appear in Court for the hearing.

For the reasons stated below and for the reasons stated on the record, Plaintiff's Motion Objection to Andrew D. Stacer Intervening in Cases [38] is DENIED, Defendants' Motions for Summary Judgment [40] [41] are GRANTED IN PART and found MOOT IN PART, and Defendants' Second Motion for Contempt [42] is GRANTED.

**Procedural Background**

On April 23, 2013, pro se Plaintiff Parrish Redd filed a Complaint [1] on behalf of himself as well as Paris Deior Studios, LLC, against Defendants Chris Hugan, Marty Peters, and Ozone Music and Sound. Plaintiff Paris Deior was dismissed without prejudice from this matter on June 21, 2013, as Plaintiff Redd did not have counsel and could not represent the limited liability company. This Court appointed Plaintiff Redd counsel Adam Taub on July 9, 2013. On September 11, 2013, this Court allowed attorney Taub to withdraw as counsel. Plaintiff Redd has not since acquired new counsel.

On September 25, 2013, this Court held a hearing and subsequently entered an Order [37] permitting Defendant Fidelity to intervene in the matter. During this hearing, the Court explicitly ordered all parties to refrain from taking part in any communication with each other outside of its filings. The Court also gave Plaintiff Redd four weeks to gather information and to proceed with this case.

Plaintiff Redd filed his Motion Objecting to Andrew D. Stacer Intervening into Cases [38] on September 27, 2013. Defendants' filed a Response [43] on October 14, 2013. Defendant Fidelity Capital Group filed its Motion for Summary Judgment [40] on October 10, 2013. Defendants Chris Hugan, Ozone Music and Sound, and Marty Peters filed their Joint Motion for Summary Judgment [41] on the same day. This Motion [41] moves to join in Defendant Fidelity's Motion for Summary Judgment [40]. All Defendants filed its Second Motion for Contempt [42] on October 11, 2013.

**Factual Background**

On August 11, 2009, Defendant Fidelity and Plaintiff Paris Deior executed a Funding Agreement and a Promissory Note and Security Agreement whereby Defendant Fidelity advanced Plaintiffs Redd and Paris Deior $20,000.00 for the completion of the motion picture "Pawn Shop," the Copyrighted Work now at issue. The $20,000.00 was to be repaid within ninety days together with a guaranteed return on investment of $60,000.00, and was secured by Plaintiffs Redd and Paris Deior's interests in the Copyrighted Work.

Pursuant to the Purchase Agreement between the co-authors of the Copyrighted Work and Plaintiff Paris Deior, the exclusive rights to reproduce, distribute, perform, display, and modify the Copyrighted Work were transferred to Paris Deior on September 1, 2009.

On November 7, 2011, Plaintiffs Redd and Paris Deior and were served with Defendant Fidelity's complaint for breach of contract, misrepresentation, fraud, and conversion filed in the state court. Plaintiff Redd was ordered to turn over all materials related to the Copyrighted Work but failed to do so, and the state court issued an order of contempt on January 4, 2012. On February 29, 2012, the state court entered a default judgment in favor of Defendant Fidelity as to Plaintiff Paris Deior for damages in the amount of $533,109, costs and attorneys' fees in the amount of $47,306.63, and full use of the Copyrighted Work to recoup Fidelity's full damages. Plaintiff Paris Deior never appealed this default judgment.

> The default judgment specifically awarded Defendant Fidelity:
>
> "full use of the [Copyrighted Work] to recoup its full damages, including . . . access to and use of the [Copyrighted Work], or copies thereof, whether it be to sell the [Copyrighted Work] "as is" or to complete the Motion Picture, which collateral may include all film materials related to, whether recorded before, during and after the recording, filming and preliminary editing of the feature film Pawn Shop, including but not limited to approximately 29 HDCAM tapes master visual recordings, 6 CDs with the master audio recordings, and 1 hard drive containing recorded audio and video footage."

The default judgment also allowed Defendant Fidelity to file a lien with the U.S. Copyright Office in relation to the motion picture, in order to preserve its rights in the Copyrighted Work as the source of payment for damages.

On June 12, 2012, Fidelity executed an agreement with Defendant Ozone Music and Sound for the completion of post-production on the Copyrighted Work. Defendants Peters and Hugan are agents of Defendant Ozone.

In August 2012, Defendant Fidelity entered into a distribution agreement with The Bosko Group, under which Bosko agreed to seek and contract with avenues of distribution, such as Amazon and iTunes. In turn, Bosko contracted with Gravitas Ventures, LLC for digital distribution of the Copyrighted Work, and with Music Video Distributor, Inc. for physical distribution of the Copyrighted Work. Bosko, Gravitas, and Music Video Distributor are not parties to this matter. However, within its counterclaims, Defendant Fidelity argues that Plaintiff Redd interfered with these business relations by harassing and threatening agents of Bosko, Gravitas, and Music Video Distributor, as well as related retailers (such as Walmart, Costco, and Sam's Club), preventing the further sale of the Copyrighted Work.

Defendants further allege that Plaintiff Redd, through Paris Deior, has continued to copy and distribute the Copyrighted Work. Specifically, Defendants allege that Plaintiff Redd and Paris Deior have initiated a commercial release of the Copyrighted Work through Redd Media, LLC, an entity owned and operated by Redd and registered in February, 2013. Defendants also argue that Plaintiff used the master recordings of the film to make an alternative copy of the work with new post-

production. This copy was publicly displayed at the Pan African Film Festival in February 2012.

On September 14, 2012, Defendant Fidelity recorded its judgment lien on the Copyrighted Work with the U.S. Copyright Office.

On December 3, 2012, the state court entered a default judgment in favor of Defendant Fidelity and against Plaintiff Redd for damages in the amount of $608,109, costs and attorneys' fees, and full use of the Copyrighted Work to recoup Defendant Fidelity's damages. Plaintiff Redd never appealed the default judgment.

## Standard of Review

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

**Analysis**

Plaintiff's sole claim against Defendants Chris Hugan, Marty Peters, and Ozone Music and Sound is Copyright Infringement. Plaintiff also requests injunctive relief in the form of prohibiting Defendants from distributing the Copyrighted Work at issue. Defendants make claims of Tortious Interference of Business and Prospective Business Relations and Copyright Infringement. Defendants also request Injunctive Relief prohibiting Plaintiff from threatening to commence lawsuits against Defendants and related business relationships and from releasing Plaintiff's copies of the Copyrighted Work. Defendants also request Declaratory Relief in the form of confirming Defendant Fidelity's rights in the Copyrighted Work.

**1. Copyright Infringement**

An action for copyright infringement requires the plaintiff to prove ownership of a valid copyright and that the defendant has copied constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 361(1991). A copyright owner is defined by statute as the owner of a particular exclusive right comprised in a copyright. 17 U.S.C. § 101. The exclusive rights comprised in a copyright over a motion picture include the exclusive rights to reproduce the work, prepare derivative works, distribute copies of the work, perform the work publicly, and display the work publicly. 17 U.S.C. § 106.

"Transfer of copyright ownership" is defined by statute as "an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license." 17 U.S.C. § 101.

Pursuant to the Purchase Agreement between the co-authors and Plaintiff Paris Deior, the exclusive rights to reproduce, distribute, perform, display, and modify the Copyrighted Work were transferred to Paris Deior on September 1, 2009. Therefore, along with the other co-authors of the Copyrighted Work, Plaintiff Redd transferred the exclusive rights to the Copyrighted Work to now dismissed Plaintiff Paris Deior. The Purchase Agreement specifically provides that Plaintiff Paris Deior alone has the right to any cause of action relating to the Copyrighted Work.

Moreover, Plaintiff Paris Deior's rights to the Copyrighted Work were subsequently transferred to Defendant Fidelity through the state court default judgments against both Plaintiff Paris Deior and Plaintiff Redd.

Plaintiff Redd now argues that the recordation of the default judgment with the Copyright Office, and the default judgment itself, are falsified or were fraudulently acquired by Defendant Fidelity. However, these accusations are not supported by the evidence.

Because Defendants have shown that all rights to the Copyrighted Work were transferred to now dismissed Plaintiff Paris Deior and then to Defendant Fidelity, there are no material questions of fact as to Plaintiff's copyright infringement claim. Therefore, Defendants' Motions for Summary Judgment [40] [41] are GRANTED as to Plaintiff's Copyright Infringement claim.

During the November 8, 2013 hearing, Defendants agreed to withdraw its counterclaim of Copyright Infringement. Therefore, Defendants' Motions for Summary Judgment [40] [41] are found MOOT as to this counterclaim.

**2. Tortious Interference**

In order to prove tortious interference with a business relationship or expectancy, four elements must be established: (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy and; (4) resulting damage to the party whose relationship or expectancy was disrupted. *Health Call of Detroit v. Atrium Home & Health Care Services, Inc.*, 706 N.W. 2d 843, 849 (Mich. Ct. App. 2005). To establish the third element of an intentional interference action, a party must demonstrate "the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified

in law for the purpose of invading the contractual rights or business relationship of another." *Feldman v. Green,* 360 N.W.2d 881, 886 (Mich. Ct. App. 1984). Such acts include defamatory statements. *Lakeshore Hosp. v. Perry,* 538 N.W.2d 24, 27 (Mich. Ct. App. 1995).

Defendants have shown, through documentation of numerous emails and voicemails, that Plaintiff has repeatedly interfered with Defendants' business relationships. Plaintiff's interference took the form of defamatory statements against Defendant Fidelity and Defendant's counsel, informing business relationships of this lawsuit, and threatening further litigation against these businesses/distributors.

Therefore, Defendants' Motions for Summary Judgment [40] [41] are GRANTED as to Defendants' Tortious Interference claim.

## 3. Injunctive Relief

The Copyright Act specifically "provides that courts 'may' grant injunctive relief 'on such terms as it may deem reasonable to prevent or restrain infringement of copyright.'" *Ebay, Inc. et al v. Mercexchange, LLC.,* 547 U.S. 388, 392 (2006) (quoting 17. U.S.C. § 502(a)). In order to obtain injunctive relief, the party seeking such an injunction must demonstrate that it has suffered an irreparable injury, the available remedies at law are inadequate to compensate such injury, the balance of hardships between the parties favors such a remedy, and that a permanent injunction would not disservice the public interest. *Id.* at 391.

Not only does Plaintiff Redd no longer have rights in the Copyrighted Work, but Defendants have also shown that Plaintiff's actions have interfered with Defendants' ability to use and further profit from the Copyrighted Work. Therefore, Defendants' Motions for Summary Judgment [40] [41] are GRANTED as to Defendants' claim for Injunctive Relief against Plaintiff, and Plaintiff's claim for Injunctive Relief against Defendants is DENIED.

### 4. Declaratory Judgment

Finally, Defendants request that the Court enter a Declaratory Judgment confirming its rights in and to the Copyrighted Work. Under 28 U.S.C. § 2201, any federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Again, because Defendant Fidelity has shown that there is no material question of fact as to its rights to the Copyrighted Work, Defendants' Motions for Summary Judgment [40] [41] are GRANTED as to Defendants' request for Declaratory Judgment.

### 5. Defendants' Second Motion for Contempt [42]

Defendants argue that Plaintiff has violated this Court's September 25, 2013 order requiring all parties to refrain from any communication with each other. Defendants provide evidence of emails from Plaintiff repeatedly threatening and harassing Defendant Fidelity and Defendant's counsel, attorney Stacer.

Therefore, Defendants' Second Motion for Contempt [42] is GRANTED.

**6. Plaintiff's Motion Objecting to Attorney Stacer Intervening into Cases [38]**

Federal Rule of Civil Procedure 24(a)(2) provides:

[o]n timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

There are four elements that must be satisfied before intervention as of right will be granted: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000)(internal quotation marks and citation omitted).

On August 30, 2013, approximately one week after Defendants Chris Hugan, Marty Peters, and Ozone Music and Sound were served with the Complaint [1], Defendant Fidelity Capital filed an Amended Motion to Intervene [20] in this case. On September 25, 2013, this Court heard argument on this Motion [20] and on September 26, 2013 this Court entered an Order [37] granting the Motion [20].

As discussed above, Defendant Fidelity has alleged that it has an interest in the Copyrighted Work as shown through its default judgments against Plaintiffs Redd and Paris Deior, as well as its recordation of the default judgment as to Paris Deior with the U.S. Copyright Office. *See supra* at 4-9. Defendants Chris Hugan, Marty Peters,

and Ozone Music and Sound cannot represent Defendant Fidelity's interest as they were not parties to the default judgments.  Plaintiff's Objection [38] now before the Court does not provide any information showing that this Court erroneously permitted Defendant's intervention in this matter.

Therefore, Plaintiff Redd's Obection [38] is DENIED.

## Conclusion

For the reasons stated above and for the reasons stated on the record, Plaintiff Parrish Redd's Motion Objecting to Andrew D. Stacer Intervening into Cases [38] is DENIED. In addition, Defendants' Motions for Summary Judgment [40] [41] are GRANTED as to Plaintiff's Copyright Infringement and Injunctive Relief claims, as well as to Defendants' Copyright Infringement, Tortious Interference, Injunctive Relief, and Declaratory Judgment counterclaims.  Defendants' Motions for Summary Judgment [40] [41] are now MOOT as to Defendants' Copyright Infringement claim as to Plaintiff Redd. Finally, Defendants' Second Motion for Contempt [42] is GRANTED.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff Parrish Redd's Motion Objecting to Andrew D. Stacer Intervening into Cases [38] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment [40] [41] are **GRANTED IN PART** and found **MOOT IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion for Contempt [42] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to this order, this case is **CLOSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

DATED: November 18, 2013

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 18, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 18, 2013: **Parrish Redd.**

s/Michael E. Lang
Case Manager to
District Judge Arthur J. Tarnow
(313) 234-5182
